UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AUDRAIN JONES,

    Petitioner,

        v.                CAUSE NO. 3:25-CV-346-JD-JEM

WARDEN,

    Respondent.

## OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (WCC-23-12-2897) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offenses 102. ECF 1. Following a hearing, he was sanctioned with a demotion in credit class.

In the pending motion to dismiss, the Warden argues that Jones cannot proceed on his habeas petition because he did not properly exhaust his administrative remedies. ECF 17. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Under the applicable departmental policy, inmates may appeal disciplinary decisions to the Warden or a facility designee. ECF 17-1 at 55-57. If inmates are not satisfied with the results of the first appeal, they may submit a second appeal to the Appeal Review Officer designated by the department commissioner. *Id.* According to the affidavit of a departmental employee, the electronic database maintained by the Indiana Department of Correction reflects that Jones did not submit any administrative appeal in connection with the disciplinary decision that is the subject of this case. ECF 17-2.

Though Jones declined to respond to this motion, he indicated in the habeas petition that he appealed to the "Superintendent" and "Final Reviewing Authority" but did not receive a response. ECF 1 at 1. However, these allegations are vague, and the record contains no information as to when, where, or how Jones submitted the appeals or of their content. Consequently, the court cannot find a genuine dispute regarding whether Jones properly exhausted administrative remedies. Because the undisputed record indicates that Jones did not properly exhaust administrative remedies, the court finds that the habeas claims are procedurally defaulted and denies the habeas petition.

If Jones wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds that an appeal pursuant to 28 U.S.C. § 1915(a)(3) in this case could not be taken in good faith.

As a final matter, the court observes that, on May 30, 2025, Jones notified the court that he had transferred to the New Castle Correctional Facility. ECF 5. However, in the motion to dismiss, the Warden represents that Jones currently resides at the Pendleton Correctional Facility and that he had served the motion on Jones at that facility. ECF 18 at 1, 8. While the court has no reason to question the accuracy of this representation, the court will order the clerk to send a copy of this order to Jones at the New Castle Correctional Facility out of an abundance of caution given that it remains Jones' address of record in this case.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 8);

(2) DIRECTS the clerk to enter judgment and to close this case;

(3) DENIES Audrain Jones leave to proceed in forma pauperis on appeal; and

(4) DIRECTS the clerk to send a copy of this order to Audrain Jones at both the New Castle Correctional Facility and the Pendleton Correctional Facility.

SO ORDERED on December 30, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT